

# The Attorney General
# of Texas
### Austin 11, Texas

GERALD C. MANN
XX~~WILL~~x~~WILSON~~XXX
**Attorney General**

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3709
Re: Are gross receipts, earned
wholly within an incorporated
city or town by a "motor
carrier", holding permits as
a contract or special commodity
carrier, under Chapter 277,
Acts, Regular Session, 42nd
Legislature, subject to an
occupation tax under Article
14, H. B. 8, Acts, Regular
Session, 47th Legislature?

Your letter of June 11, 1941, submits for our opinion the above
question.

Article 14, Section 1 (a), House Bill No. 8, Regular Session,
47th Legislature, levies the following occupational excise upon
gross receipts:

"Each individual, partnership, company, association, or
corporation doing business as a 'motor buscompany' as defined
in Chapter 270, Acts, Regular Session of the Fortieth Legis-
lature, as amended by the Acts of 1929, First Called Session
of the Forty-first Legislature, Chapter 78, or as 'motor carrier'
or 'contract carrier' as defined in Chapter 277, Acts Regular
Session of the Forty-second Legislature, over and by use of
the public highways of this State, shall make quarterly on the
first day of January, April, July, and October of each year, a
report to the Comptroller, under oath, of the individual,
partnership, company, association, or corporation by its pre-
sident, treasurer, or secretary, showing the gross amount
received from intrastate business done within this State in the
payment of charges for transporting persons for compensation
and any freight or commodity for hire, or from other sources of
revenue received from intrastate business within this State
during the quarter next preceding. Said individual, partner-
ship, company, association, or corporation at the time of
making said report, shall pay to the State Treasurer an occupa-
tion tax for the quarter beginning on said date equal to two

and two tenths (2.2) per cent of said gross receipts, as shown by said report. . ."

In order to clarify the scope and meaning of the term "intrastate business", the receipts from which are made taxable under the above act, the 47th Legislature, by House Bill No. 1039, provided as follows:

"The term 'intrastate business' as used in Article XIV, Section 1 (a) of House Bill No. 8, Acts of the Regular Session of the Forty-seventh Legislature shall mean and apply only to that portion of revenues derived from transportation subject to the regulation of the Railroad Commission of Texas."

The tax levy in question is upon the gross receipts of each individual, partnership, company, association or corporation doing business as a "motor carrier" or "contract carrier", as defined in Chapter 277, Acts, Regular Session, 42nd Legislature. The definitions referred to are quoted, respectively, as follows:

"'The term "motor carrier" means any person, firm, corporation, company, copartnership, association or joint stock association, and their lessees, receivers or trustees appointed by any court whatsoever owning,controlling, managing, operating or causing to be operated any motorpropelled vehicle used in transporting property for compensation or hire over any public highway in this State, where in the course of such transportation a highway between two or more incorporated cities, towns or villages is traversed; provided, that the term "motor carrier" as used in this act shall not include, and this act shall not apply to motor vehicles operated exclusively within the incorporated limits of cities or towns.

"' The term "contract carrier" means any motor carrier as herein above defined transporting property for compensation or hire over any highway in this State other than as a common carrier.'"

Although it is not definitely so stated, we shall assume, for purposes of answering your question, that the receipts upon which the question of taxability is raised, are receipts earned solely in the carriage of property from one point within an incorporated city or town to another point within the same incorporated city or town; and that it is not intended to include, on a pro rata mileage basis or otherwise, any part of the gross receipts or compensation earned and collected by a contract or special commodity carrier, for the transportation of property over the public highways, between two or more incorporated cities, towns or villages.

Under such construction and limitation of the facts, we do not believe a person, firm or corporation carrying property for compensation or hire, under contracts of carriage originating and ending within the limits of an incorporated city or town, is thereby constituted a "contract carrier", "special commodity carrier" or other "motor carrier", as these terms are above defined, even though the same person, firm or corporation, using the same motor vehicles, is additionally engaged in transporting property for compensation or hire over the public highways, between two or more incorporated cities, towns and villages, under permits issued to him or it by the Railroad Commission as a "contract carrier" or "special commodity carrier", under Chap. 277, Acts, Regular Session, 42nd Legislature.

The gross receipts derived from this latter aspect of the business would be taxable gross receipts, under Article 14, H.B. 8, Acts, 47th Legislature, because earned by such person, firm or corporation as "motor carriers", under the statutory definition, subject to the jurisdiction and control of the Railroad Commission and therefore derived from "intrastate business" as defined by H.B. 1039, Regular Session, 47th Legislature. But gross receipts of the same person, firm or corporation, earned wholly from the transportation of property from one point in any incorporated city or town to another point within said city or town would not be taxable. Such gross receipts would not accrue from "intrastate business", as statutorily defined because such strictly intra-city operations would not be subject to the jurisdiction and authority of the Railroad Commission, under the following proviso or exception to the term "motor carrier", as defined in Chapter 277, Acts, Regular Session, 42nd Legislature:

"Provided, that the term 'motor carrier' as used in this Act shall not include, and this Act shall not apply to motor vehicles operated exclusively within the incorporated limits of cities and towns."

We understand that the departmental or administrative interpretation of Chapter 277, Acts, Regular Session, 42nd Legislature, by the Railroad Commission is to this effect, and this fact is entitled to great weight in support of our conclusion.

Trusting the foregoing fully answers your inquires, we are

Yours very truly<br>
ATTORNEY GENERAL OF TEXAS<br>
s/ Pat M. Neff, Jr.<br>
By

PMN:lh/cg

APPROVED AUGUST 1, 1941
s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

Pat M. Neff, Jr.<br>
Assistant